UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MASTERWORKS DEVELOPMENT CO., LLC; CLUB QUARTERS MANAGEMENT COMPANY, L.L.C.; CLUB QUARTERS FRANCHISE NETWORK, L.L.C.; CLUB QUARTERS MEMBERSHIP NETWORK, L.L.C.; CEDAR & WASHINGTON ASSOCIATES, LLC; 11 WEST 51 REALTY LLC; 451 LEXINGTON REALTY LLC; NORTHUMBERLAND HOUSE LIMITED; KINGSWAY LIF HOLDINGS LIMITED; MICHIGAN WACKER ASSOCIATES, L.L.C.; FANNIN & RUSK ASSOCIATES, L.P.; URBAN LIFESTYLE MANAGEMENT, LLC; PTH 40 ASSOCIATES, LLC; MIDTOWN SOUTH OWNER LLC, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 4:21-CV-1019 |
| v. | § § | |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § | |
| Defendant. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Subject to and without waiver of all rights, privileges, and defenses available to Defendant Zurich American Insurance Company ("Zurich" or "Defendant") under the commercial property insurance policies made the basis of Plaintiffs' claims in this action and/or at law, including (without limitation) Defendant's right to assert any responsive matters and/or affirmative defenses available to Defendant under Federal Rule of Civil Procedure 12, Defendant files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states:

# I.
# INTRODUCTION

1.      Plaintiff Fannin & Rusk Associates, L.P. and others commenced this lawsuit on March 3, 2021 by filing their Original Petition in the 270th Judicial District Court of Harris County, Texas – Cause No. 2021-12251.

2.      The Original Petition, which includes a jury demand, names Zurich American Insurance Company ("Defendant") as the sole defendant.

3.      Defendant was served with the Original Petition on March 5, 2021, and it files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

4.      Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

# II.
# BASIS FOR REMOVAL

5.      28 U.S.C Section 1332(a) permits removal of state court actions to federal district courts where: (a) complete diversity of citizenship exists between parties; and (b) the amount in controversy exceeds $75,000. This action satisfies both conditions.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Defendant and Plaintiff Fannin & Rusk Associates, L.P.**

6.      Defendant Zurich American Insurance Company is a New York corporation with its principal place of business in Illinois; it is therefore a citizen of New York and Illinois for diversity jurisdiction purposes.

7.      Plaintiff Fannin & Rusk Associates, L.P. – the only plaintiff in this action to assert claims as to which this Court has personal jurisdiction over Defendant – is the owner of the hotel located at 720 Fannin Street, Houston, Texas 77002. Fannin & Rusk Associates, L.P is a Texas limited partnership with its principal place of business in Texas. The citizenship of a limited

partnership is determined by the citizenship of its partners.[1] According to the most recent records on file with the Texas Secretary of State, the sole general partner of Fannin & Rusk Associates, L.P. is Allen L. Stevens (a recently deceased citizen of Michigan), and the sole limited partner of Fannin & Rusk Associates, L.P. is Devonshire Arch Associates, L.P. (a Massachusetts limited partnership). According to the most recent records on file with the Massachusetts Secretary of the Commonwealth, the sole general partner of Devonshire Arch Associates, L.P. is Compton Building Associates, L.P. (a Massachusetts limited partnership). According to the most recent records on file with the Massachusetts Secretary of the Commonwealth, the sole general partner of Compton Building Associates, L.P. is Masterworks Boston LLC (a Massachusetts limited liability corporation). The citizenship of a limited liability company is determined by the citizenship of its members.[2] According to the most recent records on file with the Massachusetts Secretary of the Commonwealth, the sole manager/member of Masterworks Boston LLC is Adam Bahna, a citizen of Utah. Accordingly, Fannin & Rusk Associates, L.P. is a citizen of Michigan and Utah for purposes of 28 U.S.C. Section 1332(a) .

8.      Because Fannin & Rusk Associates, L.P. – the only plaintiff in this action to assert claims as to which this Court has personal jurisdiction over Defendant – is a citizen of Michigan and Utah, and Defendant is a citizen of New York and Illinois, complete diversity of citizenship exists now and on the date Plaintiffs filed this lawsuit.[3]

---

[1] *See Harvey v. Grey Wolf Drilling, Co*., 542 F.3d 1077, 1090 (5th Cir. 2008).

[2] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[3] Defendant's investigation regarding the organization and structure of Fannin & Rusk Associates, L.P., Devonshire Arch Associates, L.P., Compton Building Associates, L.P., and Masterworks Boston LLC, including Defendant's review of records on file with the Texas Secretary of State and the Massachusetts Secretary of the Commonwealth, revealed no partner(s) or member(s) of Fannin & Rusk Associates, L.P., Devonshire Arch Associates, L.P., Compton Building Associates, L.P., and Masterworks Boston LLC who are domiciled in New York or Illinois.

**B.** **All Other Plaintiffs Have Been Improperly Joined in This Action.**

9.      Plaintiff Masterworks Development Co., LLC is a New York limited liability company with its principal place of business in New York. However, as set forth below, this Court may disregard the citizenship of Masterworks Development Co., LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because Masterworks Development Co., LLC is improperly joined as a plaintiff in this action.

10.      Plaintiff Club Quarters Management Company, L.L.C. is a Connecticut limited liability company with its principal place of business in Hartford, Connecticut. Defendant's investigation regarding the organization and structure of Club Quarters Management Company, L.L.C., including review of the most current records available through the Delaware Secretary of State, revealed no members of Club Quarters Management Company, L.L.C. who are domiciled in New York or Illinois. However, as set forth below, this Court may disregard the citizenship of Club Quarters Management Company, L.L.C. in determining jurisdiction under 28 U.S.C. Section 1332(a) because Club Quarters Management Company, L.L.C. is improperly joined as a plaintiff in this action.

11.      Plaintiff Club Quarters Franchise Network, L.L.C. is a Delaware limited liability company. Defendant's investigation regarding the organization and structure of Club Quarters Franchise Network, L.L.C., including review of the most current records available through the Delaware Secretary of State, revealed no members of Club Quarters Franchise Network, L.L.C. who are domiciled in New York or Illinois. However, as set forth below, this Court may disregard the citizenship of Club Quarters Franchise Network, L.L.C. in determining jurisdiction under 28 U.S.C. Section 1332(a) because Club Quarters Franchise Network, L.L.C. is improperly joined as a plaintiff in this action.

12.      Plaintiff Club Quarters Membership Network, L.L.C. is a Delaware limited liability

company. Defendant's investigation regarding the organization and structure of Club Quarters Membership Network, L.L.C., including review of the most current records available through the Delaware Secretary of State, revealed no members of Club Quarters Membership Network, L.L.C. who are domiciled in New York or Illinois However, as set forth below, this Court may disregard the citizenship of Club Quarters Membership Network, L.L.C. in determining jurisdiction under 28 U.S.C. Section 1332(a) because Club Quarters Membership Network, L.L.C. is improperly joined as a plaintiff in this action.

13.     Plaintiff Cedar & Washington Associates, LLC – owner of the hotel located at 130 Cedar Street, New York, New York 10006 – is a New York limited liability company with its principal place of business in New York. However, as set forth below, this Court may disregard the citizenship of Cedar & Washington Associates, LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because Cedar & Washington Associates, LLC is improperly joined as a plaintiff in this action.

14.     Plaintiff 11 West 51 Realty LLC – owner of the hotel located at 11 West 51st Street, New York, New York 10019 – is a New York limited liability company with its principal place of business in New York. However, as set forth below, this Court may disregard the citizenship of 11 West 51 Realty LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because 11 West 51 Realty LLC is improperly joined as a plaintiff in this action.

15.     Plaintiff 451 Lexington Realty LLC – owner of the hotel at 128 East 45th Street, New York, New York 10017 – is a New York limited liability company with its principal place of business in New York. However, as set forth below, this Court may disregard the citizenship of 451 Lexington Realty LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because 451 Lexington Realty LLC is improperly joined as a plaintiff in this action.

16.     Plaintiff Northumberland House Limited is a United Kingdom private limited company and owner of the hotel located at 61 Lincoln's Inn Fields, London WC2A 3JW. However, as set forth below, this Court may disregard the citizenship of Northumberland House Limited in determining jurisdiction under 28 U.S.C. Section 1332(a) because Northumberland House Limited is improperly joined as a plaintiff in this action.

17.     Plaintiff Kingsway LIF Holdings Limited is a United Kingdom private limited company and owner of the hotel located at 8 Northumberland Avenue, London WC2N 5BY. However, as set forth below, this Court may disregard the citizenship of Kingsway LIF Holdings Limited in determining jurisdiction under 28 U.S.C. Section 1332(a) because Kingsway LIF Holdings Limited is improperly joined as a plaintiff in this action.

18.     Plaintiff Michigan Wacker Associates, L.L.C. – owner of the hotel located at 75 East Upper Wacker Drive, Chicago, Illinois, 60606 – is a Delaware limited liability company with its principal place of business in Delaware. However, as set forth below, this Court may disregard the citizenship of Michigan Wacker Associates, L.L.C. in determining jurisdiction under 28 U.S.C. Section 1332(a) because Michigan Wacker Associates, L.L.C. is improperly joined as a plaintiff in this action.

19.     Plaintiff Urban Lifestyle Management, LLC is a Delaware limited liability company. However, as set forth below, this Court may disregard the citizenship of Urban Lifestyle Management, LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because Urban Lifestyle Management, LLC is improperly joined as a plaintiff in this action.

20.     Plaintiff PTH 40 Associates, LLC – owner of the hotel located at 18 West 40th Street, New York, New York 10018 – is a Delaware limited liability company with its principal place of business in New York. However, as set forth below, this Court may disregard the

citizenship of PTH 40 Associates, LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because PTH 40 Associates, LLC is improperly joined as a plaintiff in this action.

21.     Plaintiff Midtown South Owner LLC – owner of the hotel located at 40 West 45th Street, New York, New York 10036 – is a New York limited liability company with its principal place of business in New York. However, as set forth below, this Court may disregard the citizenship of Midtown South Owner LLC in determining jurisdiction under 28 U.S.C. Section 1332(a) because Midtown South Owner LLC is improperly joined as a plaintiff in this action.

22.     With the limited exception of the claims asserted by Fannin & Rusk Associates, L.P., this Court lacks personal jurisdiction over Defendant with regard to the claims by all Plaintiffs against Defendant in this lawsuit. There is no general personal jurisdiction over Defendant because Defendant is not incorporated in Texas and does not have its principal place of business in Texas. There is no specific personal jurisdiction over the claims by Masterworks Development Co., LLC; Club Quarters Management Company, L.L.C.; Club Quarters Franchise Network, L.L.C.; Club Quarters Membership Network, L.L.C.; Cedar & Washington Associates, LLC; 11 West 51 Realty LLC; 451 Lexington Realty LLC; Northumberland House Limited; Kingsway LIF Holdings Limited; Michigan Wacker Associates, L.L.C.; Urban Lifestyle Management, LLC; PTH 40 Associates, LLC; and Midtown South Owner LLC because, based on the allegations in Plaintiffs' Original Petition and upon information and belief, Masterworks Development Co., LLC; Club Quarters Management Company, L.L.C.; Club Quarters Franchise Network, L.L.C.; Club Quarters Membership Network, L.L.C.; Cedar & Washington Associates, LLC; 11 West 51 Realty LLC; 451 Lexington Realty LLC; Northumberland House Limited; Kingsway LIF Holdings Limited; Michigan Wacker Associates, L.L.C.; Urban Lifestyle Management, LLC; PTH 40 Associates, LLC; and Midtown South Owner LLC have not sustained any alleged loss or damage in the State

of Texas for which they seek recovery from Defendant.[4]

23.     Pursuant to Federal Rules of Civil Procedure 12(b) and 81(c)(2)(C), Defendant will move to dismiss the claims against Defendant brought by all Plaintiffs, with the exception of Fannin & Rusk Associates, L.P., based on lack of personal jurisdiction in Texas for the claims against Defendant.

### C.     Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.

24.     Under Section 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. "An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[5]

25.     In their Original Petition, Plaintiffs allege they have "suffered damage, in an amount to be determined at trial, but not less than $300 million and will continue to suffer damage."[6] Defendant denies the validity and merits of Plaintiffs' claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiffs. However, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or other relief whatsoever, it is facially apparent that the amount in

---

[4]  With the limited exception of Plaintiff Masterworks Development Co., LLC, these parties are also improperly joined as plaintiffs insofar as they are not insureds under the insurance policies at issue and, therefore, lack standing and/or capacity to sue Defendant on the claims asserted in the Original Petition.

[5]  *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted).

[6]  Plf's Orig. Pet. at ¶197.

---

controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446

26.     As required by 28 U.S.C. Section 1446(a) and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

a.   All executed process in this case, attached as Exhibit A;

b.   Plaintiffs' Original Petition, attached as Exhibit B;

c.   State Court Docket Sheet, attached as Exhibit C;

d.   An index of matters being filed, attached as Exhibit D; and

e.   List of all counsel of record, attached as Exhibit E.

27.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice, and Defendant will promptly file a copy of this Notice with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Zurich American Insurance Company hereby provides notice that this action is duly removed from the 270th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: ___/s/ James W. Holbrook, III_____
    James W. Holbrook, III
    State Bar No. 24032426
    Southern Member ID No. 659759
    jholbrook@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEY-IN-CHARGE FOR
DEFENDANT**

**OF COUNSEL:**

Michael P. O'Brien
Texas Bar No. 24103418
Southern Member ID No. 3338567
mobrien@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 29, 2021, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

J. James Cooper
jcooper@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002
Telephone:     713-469-3800
Facsimile:     713-469-3899
***Counsel for Plaintiffs***

    */s/ James W. Holbrook, III*
James W. Holbrook, III