IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MASTERWORKS DEVELOPMENT CO., LLC; CLUB QUARTERS MANAGEMENT COMPANY, L.L.C.; CLUB QUARTERS FRANCHISE NETWORK, L.L.C.; CLUB QUARTERS MEMBERSHIP NETWORK, L.L.C.; CEDAR & WASHINGTON ASSOCIATES, LLC; 11 WEST 51 REALTY LLC; 451 LEXINGTON REALTY LLC; NORTHUMBERLAND HOUSE LIMITED; KINGSWAY LIF HOLDINGS LIMITED; MICHIGAN WACKER ASSOCIATES, L.L.C.; FANNIN & RUSK ASSOCIATES, L.P.; URBAN LIFESTYLE MANAGEMENT, LLC; PTH 40 ASSOCIATES, LLC; MIDTOWN SOUTH OWNER LLC, <br><br>    Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br>    Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-01019 |

**DEFENDANT'S RULE 12(B)(2) MOTION TO DISMISS THE CLAIMS OF CERTAIN PLAINTIFFS BASED ON LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), Defendant Zurich American Insurance Company ("Zurich American") respectfully requests this Court to dismiss the claims of Plaintiffs Masterworks Development Co., LLC; Club Quarters Management Company, L.L.C.; Club Quarters Franchise Network, L.L.C.; Club Quarters Membership Network, L.L.C.; Cedar & Washington Associates, LLC; 11 West 51 Realty LLC; 451 Lexington Realty LLC;

Northumberland House Limited; Kingsway LIF Holdings Limited; Michigan Wacker Associates, L.L.C.; Urban Lifestyle Management, LLC; PTH 40 Associates, LLC; and Midtown South Owner LLC ("Certain Plaintiffs") on the grounds that this Court lacks personal jurisdiction over Zurich American as to the claims of these Certain Plaintiffs.

## I.
## SUMMARY OF ARGUMENT

Although Plaintiffs' Original Petition ("Petition") identifies fourteen corporate entities as Plaintiffs and seeks insurance coverage for alleged losses to sixteen hotels located in six states, Washington, D.C., and London, England, this lawsuit involves only one Texas-based claimant (Fannin & Rusk Associates, L.P.) and a single Texas property (a hotel located in Houston, Texas). All other Plaintiffs in this action – who are organized under the laws of other states or countries, based in other states or countries, and own, manage, or operate hotels in other states or countries – have tethered their claims to those of the lone Texas claimant (Fannin & Rusk Associates, L.P) in an effort to bootstrap their way into a Texas court.

Zurich American seeks dismissal of the claims of these Certain Plaintiffs because, as to those claims, the Court does not have personal jurisdiction over Zurich American. This case arises out of alleged losses that all Plaintiffs allegedly suffered to their hotel businesses due to the SARS-CoV-2 virus, which causes the COVID-19 disease. Plaintiffs' Petition broadly alleges that Plaintiffs collectively own, operate and/or manage hotels in California, Illinois, Massachusetts, Texas, New York, Pennsylvania, Washington, D.C., and London. But Certain Plaintiffs do not allege that they own, operate, and/or manage any hotels in Texas. Nor do Certain Plaintiffs allege that they have suffered any injury in Texas.

Based on the lack of any allegation or evidence that Zurich American purposefully directed its activities as to Certain Plaintiffs *toward Texas*, the Court does not have personal

jurisdiction over Zurich American as to those claims. First, the Court lacks general jurisdiction over Zurich American because Zurich American is not incorporated in Texas, and its principal place of business is not in Texas.

The Court also lacks specific jurisdiction over Zurich American. Specific personal jurisdiction over a nonresident defendant arises when defendant has "purposefully directed" its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. Here, Zurich American did not direct its activities at Texas residents with respect to Certain Plaintiffs, who are not Texas residents. Nor have Certain Plaintiffs alleged (let alone shown) that their injuries arise out of any conduct Zurich American directed at Texas residents, because Zurich American engaged in no such conduct with respect to Certain Plaintiffs, and because Certain Plaintiffs suffered no injuries in Texas.

Because the Court lacks personal jurisdiction over Zurich American, it must dismiss the claims of all Plaintiffs except Plaintiff Fannin & Rusk Associates, L.P.

## II.
## RELEVANT FACTS

### A. Allegations in Plaintiffs' Petition

Plaintiffs' Petition generally lumps all Plaintiffs together, collectively referring to all fourteen claimants as "Masterworks" or "Plaintiffs." *E.g.* Dkt. #2-3 at 5–8, Introduction & ¶¶ 4–9. In equally broad strokes, the Petition generally alleges that Plaintiffs own, operate and/or manage hotels in California, Illinois, Massachusetts, Texas, New York, Massachusetts, Pennsylvania, Washington D.C., and London, England under the "Club Quarters" brand, as well as a hotel in New York named the Park Terrace Hotel. Dkt. #2-3 at 10–12, ¶¶ 28–31, 34.

Masterworks Development Co., LLC is the First Named Insured on the property insurance policy with Zurich American under which Plaintiffs make their claims. Dkt. #2-4 at

14. In their Petition, Plaintiffs generally allege they have suffered loss of or damage to property as a result of the SARS-CoV-2 virus, which causes the COVID-19 disease. Dkt. #2-3 at 11, ¶ 33. Plaintiffs allege business income losses and extra expense for which they assert entitlement to benefits under the policies with Zurich American. *Id.* at 11 ¶ 33, 14 ¶ 40.

Plaintiffs' Petition does not allege, however, facts sufficient to establish that any of Certain Plaintiffs own, manage, or operate hotels in Texas, or that they have suffered any injury in Texas:

    a.    Plaintiff Masterworks Development Co., LLC, is a New York limited liability company;

    b.    Plaintiff Club Quarters Management Company, L.L.C., is a Connecticut limited liability company;[1]

    c.    Plaintiff Club Quarters Franchise Network, L.L.C., is a Delaware limited liability company;

    d.    Plaintiff Club Quarters Membership Network, L.L.C., is a Delaware limited liability company;

    e.    Plaintiff Cedar & Washington Associates, LLC, is a New York limited liability company and the owner of the hotel located at 130 Cedar Street, New York, New

---

[1] Plaintiffs' Petition alleges (without further detail or factual support) that Plaintiffs Club Quarters Management Company, L.L.C.; Club Quarters Franchise Network, L.L.C.; and Club Quarters Membership Network, L.L.C. are entitled to unspecified management, license, and membership fees from the hotels owned by Cedar & Washington Associates, LLC; 11 West 51 Realty LLC; 451 Lexington Realty LLC; Northumberland House Limited; Kingsway LIF Holdings Limited; Michigan Wacker Associates, L.L.C.; Fannin & Rusk Associates, L.P; and Midtown South Owner LLC, as well as seven additional hotels (located in California, Illinois, Massachusetts, Washington D.C., and England) owned by third parties. *See* Dkt. #2-3 at 7–8. Plaintiffs' Petition does not allege, however, facts sufficient to establish whether (or to what extent) these three entities derive any amount of revenue from fees relating to the singular Texas location at issue in this action.

York 10006;

  f.  Plaintiff 11 West 51 Realty LLC is a New York limited liability company and owner of the hotel located at 11 West 51st Street, New York, New York 10019;

  g.  Plaintiff 451 Lexington Realty LLC is a New York limited liability company and the owner of the hotel at 128 East 45th Street, New York, New York 10017;

  h.  Plaintiff Northumberland House Limited is a United Kingdom private limited company and owner of the hotel located at 61 Lincoln's Inn Fields, London WC2A 3JW;

  i.  Plaintiff Kingsway LIF Holdings Limited is a United Kingdom private limited company and owner of the hotel located at 8 Northumberland Avenue, London WC2N 5BY;

  j.  Plaintiff Michigan Wacker Associates, L.L.C. is a Delaware limited liability company and the owner of the hotel located at 75 East Upper Wacker Drive, Chicago, Illinois, 60606;

  k.  Plaintiff Urban Lifestyle Management, LLC is a Delaware limited liability company;

  l.  Plaintiff PTH 40 Associates, LLC is a Delaware limited liability company and the owner of the hotel located at 18 West 40th Street, New York, New York 10018; and

  m.  Plaintiff Midtown South Owner LLC is a New York limited liability company and the owner of the hotel located at 40 West 45th Street, New York, New York 10036.

Dkt. #2-3 at 8–9 ¶¶ 10–23. Only Plaintiff Fannin & Rusk Associates, L.P.—which (according to Plaintiffs' Petition) owns the hotel located at 720 Fannin Street, Houston, Texas 77002—can allege any losses in Texas. *See id.* at 8 ¶ 20.

Defendant Zurich American is a company incorporated in New York with its principal place of business in Illinois. Dkt. #2-3 at 9 ¶ 24.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal based on the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Whether personal jurisdiction may be exercised over a nonresident is a question of law. *Cooper v. McDermott Intern., Inc.*, No. 93–2907, 1995 WL 450209, *3, 62 F.3d 395 (Table) (5th Cir. July 6, 1995). When a defendant files a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. *Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343–44 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). When a defendant disputes the factual basis for personal jurisdiction, the district court may consider the record before it, including "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* at 344 (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). On a motion to dismiss under Rule 12(b)(2), uncontroverted allegations in plaintiff's complaint are taken as true, and conflicts between facts in the parties' affidavits must

be resolved in plaintiff's favor for purposes of the prima facie case of personal jurisdiction. *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

The court must find it has personal jurisdiction over the defendant before it makes any decision on the merits. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007); *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623, n.2 (5th Cir. 1999) ("Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.").

## IV.
## ARGUMENT

**A.    This Court Lacks Personal Jurisdiction over Zurich American as to Certain Plaintiffs' Claims**

"A 'federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution.'" *Johnston*, 523 F.3d at 609 (5th Cir. 2008) (quoting *Cycles, Ltd. v. W.J. Digby*, Inc., 889 F.2d 612, 616 (5th Cir. 1989)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (citing *Wilson*, 20 F.3d at 647). "Federal due process requires a plaintiff to prove: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Wilson*, 20 F.3d at 647).

**B.    Certain Plaintiffs Cannot Satisfy the "Minimum Contacts" Requirement of the Due Process Clause**

Under the minimum contacts inquiry, a plaintiff must show that the non-resident defendant's conduct in the action is connected to the forum state and that, because of such

conduct, the defendant can reasonably anticipate being haled into court in that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985). To meet the minimum contacts test, Certain Plaintiffs must establish either general jurisdiction or specific jurisdiction over Zurich American. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923, 131 S. Ct. 2846, 2853, 180 L. Ed. 2d 796 (2011).

     1.    <u>This Court Does Not Have General Jurisdiction over Zurich American as to Certain Plaintiffs' Claims</u>

General jurisdiction concerns the circumstances where, based on the defendant's overall activities in the state, a court may exercise jurisdiction over the defendant for causes of action unrelated to the defendant's in-state activities. Certain Plaintiffs cannot establish that the Court has general jurisdiction over Zurich American. Recently, the United States Supreme Court narrowed the minimum contacts test used to determine whether general jurisdiction exists such that it satisfies the Due Process Clause. *See Goodyear,* 564 U.S. at 919-920 (2011); *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *BNSF Railway Co. v. Tyrrell,* 137 S.Ct. 1549, 1558-1559 (2017); *see also Johnston*, 523 F.3d at 609 (reviewing past "past cases to illustrate just how difficult it is to establish general jurisdiction"). In *Goodyear,* the United States Supreme Court held that a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear,* 564 U.S. at 919–20.

In 2014, the United States Supreme Court interpreted the phrase "at home" in *Goodyear* as the corporation's principal place of business and state of incorporation. *Daimler,* 571 U.S. at 137. The Court stated that a defendant's operations in a state other than its home state would have to be "so substantial and of such a nature as to render the corporation at home in the State"

before "general jurisdiction" could be exercised, and that such a case would be "an exceptional case." In rejecting the argument that general jurisdiction can "be premised solely upon 'continuous and systematic' contacts with a forum state," the Supreme Court held that such exercise would be "unacceptably grasping." *Id*. at 137–38. The United States reiterated that standard in its 2017 decision *BNSF Railway Company v. Tyrrell*, 137 S. Ct. 1549, 1558–59, 198 L. Ed. 2d 36 (2017). As *Daimler* instructs and *BNSF* reaffirms, a "corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' . . . ." *Daimler*, 571 U.S. at 139 n.20; *BNSF*, 137 S. Ct. at 1559.

Here, Zurich American is not subject to general jurisdiction in the Texas courts. Zurich American was formed under the laws of New York with its principal place of business in Illinois. *See* Dkt. #2-3 at 9 ¶ 24. That is, Zurich American is "at home" in New York and Illinois and is not "at home" in Texas. Further, Certain Plaintiffs have not and cannot set forth any facts which establish an "exceptional case" to allow general jurisdiction over Zurich American in Texas. It would be fundamentally unfair to allow Certain Plaintiffs to sue Zurich American in Texas for their injuries allegedly sustained all over the world. Accordingly, Texas courts do not have general jurisdiction over Zurich American.

      2.    <u>*This Court Does Not Have Specific Jurisdiction over Zurich American*</u>

Specific jurisdiction is authorized when a defendant's in-state activities with respect to the transaction underlying the litigation gave rise to the plaintiff's claims. *Daimler*, 571 U.S. 117, 126 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 nn. 8, 9 (1984). The determination of personal jurisdiction over a defendant applies to each plaintiff's claims separately. *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017). In

*Bristol-Myers*, the Supreme Court rejected the assertion that a defendant was subject to suit in California as to claims asserted by non-California residents just because California residents were also joined as plaintiffs. As the Supreme Court stated, "'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction.' This remains true even when third parties . . . can bring claims similar to those brought by the nonresidents. . . . What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*. (citation omitted). As a result, the Supreme Court reversed and remanded the case, noting that the out-of-state plaintiffs could sue in a state where the court has general jurisdiction over the defendant, or could sue in their home states. *Id*. at 1783.

The Fifth Circuit has similarly stated:

> In this circuit, specific personal jurisdiction is a claim-specific inquiry: "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." We have articulated a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citations omitted); *see also Burger King,* 471 U.S. 462, 472 (1985) ("Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the due process] requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." (citations omitted)).

Here, Fannin & Rusk Associates, L.P., owns the only Texas hotel at issue in this case. It is thus the only Plaintiff that can demonstrate Zurich American "purposefully directed" its

activities at Texas residents, and that its cause of action arises out of or results from the defendant's forum-related contacts. None of the other Plaintiffs (identified in this Motion as "Certain Plaintiffs") can make that showing. They are organized under the laws of other states or countries, based in other states or countries, and (according to Plaintiffs' Petition) own, manage, or operate hotels in other states or countries. Dkt. #2-3 at 8–9 ¶¶ 10–23.

Simply put, Certain Plaintiffs have not alleged facts sufficient to establish that, as to them, Zurich American "purposefully directed" its actions at Texas residents. The fact that this Court has personal jurisdiction as to the claims of another plaintiff in this action (Fannin & Rusk Associates, L.P.) does not suffice to create personal jurisdiction over Zurich American as to Certain Plaintiffs' claims. *Bristol-Myers*, 137 S. Ct. at 1781; *McFadin v. Gerber*, 587 F.3d 753, 759. This Court thus lacks personal jurisdiction over Zurich American as to Certain Plaintiffs' claims.

**C.    Certain Plaintiffs Cannot Satisfy the Reasonableness Inquiry Prong of the Due Process Clause**

Even if "minimum contacts" have been established, which it has not, the assertion of personal jurisdiction must still be reasonable and not offend traditional conceptions of fair play and substantial justice. *Burger King,* 471 U.S. at 464, 477. Recently, the United States Supreme Court recognized that the primary concern as to whether the exercise of jurisdiction is reasonable is "the burden on the defendant." *Bristol-Myers Squibb*, 137 S.Ct. at 1780. That burden requires the court to not only assess "the practical problems resulting from litigating in the forum" but also to assess "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Id.* "[R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'" *Id.* (quoting

*Hanson v. Denckla*, 357 U.S. 235, 251 (1958)). Accordingly, the Supreme Court reiterated its federalism concerns stating that

> [e]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.

*Id.* at 1780–81 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S. Ct. 559, 565–66, 62 L. Ed. 2d 490 (1980)).

Here, it would be unreasonable for this Court to exercise jurisdiction over Zurich American, which has no connection whatsoever to Texas with respect to Certain Plaintiffs' claims. Further, Texas has no interest in litigating any issues between Zurich American and Certain Plaintiffs because neither these parties nor their causes of action have any connection with Texas. For these reasons, it is not appropriate for this Court to exercise jurisdiction over Zurich American as to Certain Plaintiffs' claims in this forum.

## V.
## CONCLUSION

Because Certain Plaintiffs cannot establish that this Court has personal jurisdiction over Zurich American as to their claims, this Court must dismiss the claims of all Plaintiffs except Plaintiff Fannin & Rusk Associates, L.P.

Respectfully submitted,

By: /s/ *James W. Holbrook, III*
James W. Holbrook, III
State Bar No. 24032426
Southern Member ID No. 659759
jholbrook@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**

Michael P. O'Brien
Texas Bar No. 24103418
Southern Member ID No. 3338567
mobrien@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on April 5, 2021, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

J. James Cooper
jcooper@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002
Telephone:     713-469-3800
Facsimile:      713-469-3899
***Counsel for Plaintiffs***

                                                 */s/ James W. Holbrook, III*
                                                 James W. Holbrook, III