IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MASTERWORKS DEVELOPMENT CO., LLC; CLUB QUARTERS MANAGEMENT COMPANY, L.L.C.; CLUB QUARTERS FRANCHISE NETWORK, L.L.C.; CLUB QUARTERS MEMBERSHIP NETWORK, L.L.C.; CEDAR & WASHINGTON ASSOCIATES, LLC; 11 WEST 51 REALTY LLC; 451 LEXINGTON REALTY LLC; NORTHUMBERLAND HOUSE LIMITED; KINGSWAY LIF HOLDINGS LIMITED; MICHIGAN WACKER ASSOCIATES, L.L.C.; FANNIN & RUSK ASSOCIATES, L.P.; URBAN LIFESTYLE MANAGEMENT, LLC; PTH 40 ASSOCIATES, LLC; MIDTOWN SOUTH OWNER LLC, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>ZURICH AMERICAN INSURANCE COMPANY, <br><br>　　　　Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-01019 |

**DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS THE CLAIMS OF PLAINTIFF FANNIN & RUSK ASSOCIATES, L.P. FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), Defendant Zurich American Insurance Company ("Zurich American") submits this Rule 12(b)(6) Motion to Dismiss the Claims of Plaintiff Fannin & Rusk & Associates, L.P. for Failure to State a Claim and respectfully states:

## I.
## SUMMARY OF ARGUMENT

This lawsuit – which is brought by fourteen separate corporate entities – stems from alleged losses to sixteen hotels located in six states, Washington, D.C., and England due to the SARS-CoV-2 virus, which causes the COVID-19 disease. As set forth in Zurich American's contemporaneously filed Rule 12(b)(2) Motion to Dismiss the Claims of Certain Plaintiffs Based on Lack of Personal Jurisdiction (Dkt. #4), this Court has personal jurisdiction over Zurich American with respect to the claims asserted by one (and only one) claimant in this case – Plaintiff Fannin & Rusk Associates, L.P. – who seeks coverage under a commercial property insurance policy issued by Zurich American for alleged loss or damage to the hotel located at 720 Fannin Street, Houston, Texas 77002.

It is axiomatic that a party seeking insurance coverage bears the burden of demonstrating entitlement to coverage, including establishing that it is an insured under the policy. Despite this well-settled rule, the policy under which Fannin & Rusk Associates seeks coverage in this case does not list Fannin & Rusk Associates as an insured, and Plaintiffs' Original Petition fails to allege facts sufficient to bring Fannin & Rusk Associates within the class of entities encompassed by the policy's definition(s) of "Insured" or "additional insured."

Because Plaintiffs' Original Petition fails to demonstrate that Fannin & Rusk Associates is an "Insured" or "additional insured" under the Zurich American policy, the causes of action asserted by it necessarily fail. This Court should thus dismiss Fannin & Rusk Associates' claims against Zurich American with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.
## RELEVANT FACTS

Plaintiff Fannin Rusk Associates, L.P. owns the hotel located at 720 Fannin Street, Houston, Texas 77002 ("Club Quarters – Houston"). *See* Dkt. #2-3 at ¶20.

Zurich American issued Policy No. PPR0284147-02, effective from May 19, 2019 to May 19, 2020 ("2019-2020 Zurich Policy"), and its renewal, Policy No. PPR0284147-03, effective from May 19, 2020 to May 19, 2021 ("2020-2021 Zurich Policy") (together, "Zurich Policy"), insuring the Club Quarters – Houston, subject to the terms, conditions, limitations, and exclusions set forth in the Zurich Policy. *See* Dkt. #2-3 at ¶¶3, 126.

The Zurich Policy lists Masterworks Development Co., LLC as the First Named Insured. *See* Dkt. #2-3 at ¶126; *see also* Dkt. 2-4 at 14; Dkt. 2-5 at 17. The Zurich Policy further provides:

> The following are all hereafter referred to as the 'Insured', including legal representatives.
>
> The **First Named Insured**; and
>
> Any subsidiary of the **First Named Insured**. The **First Named Insured's** interest in any partnership, joint venture or other legal entity in which the **First Named Insured** has management control or ownership as now constituted or hereafter is acquired.
>
> When any Insured described above is a party to a written contract or agreement on file, that requires a legal entity to be identified as an additional insured under this Policy, this Policy includes the legal entity as an additional insured, as its interest may appear, for physical damage to insured property which is the subject of the written contract or agreement on file, before any loss occurs; and does not provide any Time Element Coverage to the legal entity, except as provided under Leasehold Interest Coverage of this policy or as specifically endorsed to the policy.

Dkt. 2-4 at 14 (emphasis in original); Dkt. 2-5 at 17 (emphasis in original).

In Plaintiffs' Original Petition, Fannin & Rusk Associates claims it has suffered loss of or damage to property as a result of the SARS-CoV-2 virus, which causes the COVID-19 disease.

*See* Dkt. #2-3 at ¶33. Fannin & Rusk Associates alleges business income losses and extra expense as well for which it asserts entitlement to benefits under the Policies. *See* Dkt. #2-3 at ¶33, 40.

Fannin & Rusk Associates claims it sought and was denied coverage for these purported losses under the Zurich Policy. *See, e.g.,* Dkt. #2-3 at ¶¶3-4. Based on this alleged denial of coverage, Fannin & Rusk Associates asserts a cause of action against Zurich American for breach of contract. *See* Dkt. #2-3 at ¶¶207-213. Fannin & Rusk Associates also seeks a judicial declaration that its alleged losses are covered under the Zurich Policy, requiring Zurich American to pay Fannin & Rusk Associates for any such losses that are ultimately established at trial. *See* Dkt. #2-3 at ¶¶199-205.

With respect to the threshold issue of Fannin & Rusk Associates' alleged status as an Insured under the Zurich Policy, Plaintiffs' Original Petition broadly states: "[B]y virtue of the provisions and definitions of [the] Zurich Policy, as well as the Statement of Values, all Plaintiffs listed herein are Insureds under the Zurich Policy." Dkt. #2-3 at ¶126. However, Plaintiffs' Original Petition does not allege that Fannin & Rusk Associates is a subsidiary of the First Named Insured, Masterworks Development Co., LLC,[1] nor does it allege that Masterworks Development Co., LLC manages or owns Fannin & Rusk Associates.[2] Plaintiffs' Original

---

[1] As noted in Zurich American's Amended Notice of Removal, Zurich American's investigation regarding the organization and structure of Fannin & Rusk Associates, including Zurich American's review of records on file with the Texas Secretary of State and the Massachusetts Secretary of the Commonwealth, revealed no apparent corporate relationship between Fannin & Rusk Associates and Masterworks Development Co., LLC. *See* Dkt. #2 at ¶7.

[2] Plaintiffs' Original Petition alleges the Houston, Texas hotel owned by Fannin & Rusk Associates, as well as the fifteen other hotel properties at issue in this case, are managed by one or more entities – but not Masterworks Development Co., LLC. *See, e.g.*, Dkt. #2-3 at ¶34 (alleging – without further detail or factual support – that Plaintiffs "CQ Management, CQ Franchise, and CQ Membership are entitled to management, license and membership fees from the Scheduled Hotels, except for the Park Terrace Hotel . . .").

Petition likewise identifies no written contract or agreement on file that purportedly requires Fannin & Rusk Associates to be listed as an additional insured under the Zurich Policy.

## III.
## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff "must plead more than labels and conclusions," and "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. A court deciding a motion to dismiss under Rule 12(b)(6) must "accept[] all well-pleaded facts as true." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 527 (5th Cir. 2018). However, courts will not presume the truth of any "legal conclusion couched as a factual allegation," *Covington v. City of Madisonville, Texas*, 812 F. App'x. 219, 224 (5th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678); or any allegation that is contradicted by documents attached to or referenced in the complaint, *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 (5th Cir. 2014).

## IV.
## ARGUMENT

Plaintiff Fannin & Rusk Associates has failed to state a plausible claim for relief against Zurich American because Plaintiffs' Original Petition fails to plead facts sufficient to establish that Fannin & Rusk Associates is an "Insured" or "additional insured" under the Zurich Policy.

And, without a plausible claim for entitlement to coverage under the policy, Fannin & Rusk Associates' causes of action against Zurich American fail as a matter of law.

"The party claiming insurance coverage bears the burden of proving entitlement ... and is not entitled to coverage if not named as an insured or an additional insured on the face of the policy." *National Abatement Corp v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,* 33 A.D.3d 570, 570–571 (N.Y.A.D. 1st Dept. 2006); *see also City of New York v. Philadelphia Indem. Ins. Co.,* No. 09 Civ. 7253, 2010 WL 3069654, at *5 (S.D.N.Y. July 27, 2010) ("Plaintiffs bear the burden of demonstrating that they are insured under the policy."); *Tribeca Broadway Assoc., LLC v. Mount Vernon Fire Ins. Co.,* 5 A.D.3d. 198, 200 (N.Y.A.D. 1st Dept. 2004) ("a party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage") (internal citation omitted); *Meleon v. Kreisler Borg Florman General Construction Company, Inc.,* 304 A.D.2d 337, 339 (N.Y.A.D. 1st Dept. 2003) (same); *Sanabria v. American Home Assurance Company,* 68 N.Y.2d 866, 868 (1986) (holding that policy's coverage did not extend to parties "not name[d], describe[d] or otherwise refer[ed] to . . . as insureds" in policy at issue).[3]

---

[3] Zurich American contends that New York law applies to Fannin & Rusk Associates' claim in this action, because (among other facts) the Zurich Policy under which Fannin & Rusk Associates seeks coverage was issued by a New York corporation (Zurich American) to Plaintiff Masterworks Development Co., LLC (a New York limited liability company) and delivered to Masterworks Development Co., LLC's broker in New York. Further, five of the nine scheduled hotel properties referenced in Plaintiffs' Original Petition are located in New York. *See* Dkt. #2-3 at ¶31. However, even if Texas law were to apply to this action, the result would be the same. Texas law does not differ from New York law on the basic, noncontroversial, and well-settled point(s) of law made the basis of this motion. *See, e.g.*, *Republic Waste Servs. Of Tex., Ltd. v. Empire Indem. Ins. Co.*, 98 F. App'x 970, 971 (5th Cir. 2004) ("Under Texas law, additional insureds are strangers to an insurance policy and must bear the burden of proving additional insured status.") (citing *Republic Nat'l Bank of Dallas v. Nat'l Bankers Life Ins. Co.,* 427 S.W.2d 76, 80 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.)).

Here, the Zurich Policy under which Plaintiffs seek coverage makes no reference whatsoever to Fannin & Rusk Associates.[4] It lists one (and only one) entity as First Named Insured – *i.e.*, Masterworks Development Co., LLC.[5] And, while the Zurich Policy extends "Insured" status to certain subsidiaries of the First Named Insured,[6] Plaintiffs' Original Petition does not allege that Fannin & Rusk Associates is a subsidiary of Masterworks Development Co., LLC, nor does it allege that Masterworks Development Co., LLC manages or owns Fannin & Rusk Associates. Further, although the Zurich Policy affords limited "additional insured" status to any legal entity required to be named as such in a written contract or agreement with the First Named Insured,[7] Plaintiffs' Original Petition identifies no written contract or agreement on file requiring Fannin & Rusk Associates to be listed as an additional insured under the Zurich Policy.

In short, Plaintiffs' Original Petition fails to allege facts sufficient to show that Fannin & Rusk Associates is an "Insured" or "additional insured" under the Zurich Policy and, as such, fails to state a plausible claim for entitlement to coverage under the policy.[8] Absent a plausible claim for coverage under the Zurich Policy, Fannin & Rusk Associates' cause of action for breach of contract and its related request for declaratory relief fail as a matter of law. This Court

---

[4] *See generally* Dkt. #2-4; Dkt. #2-5.

[5] *See* Dkt. #2-3 at ¶126; *see also* Dkt. #2-4 at 14; Dkt. #2-5 at 17.

[6] *See* Dkt. #2-4 at 14; Dkt. #2-5 at 17.

[7] Dkt. #2-4 at 14; Dkt. #2-5 at 17.

[8] Plaintiffs' Original Petition includes the unsupported allegation that, "by virtue of the provisions and definitions of [the] Zurich Policy, as well as the Statement of Values, all Plaintiffs listed herein [including Fannin & Rusk Associates] are Insureds under the Zurich Policy." Dkt. #2-3 at ¶126. However, this conclusory statement is insufficient to establish Fannin & Rusk Associates' alleged status as an Insured. A plaintiff "must plead more than labels and conclusions," and "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Indeed, courts will not presume the truth of any "legal conclusion couched as a factual allegation," *Covington*, 812 F. App'x. at 224.

should thus dismiss Fannin & Rusk Associates' claims against Zurich American for failure to state a claim upon which relief can be granted.

## V.
## CONCLUSION

Because Plaintiff Fannin & Rusk Associates, L.P. has not established that it is an "Insured" or "additional insured" under the Zurich Policy, this Court should dismiss the claims asserted by Plaintiff Fannin & Rusk Associates, L.P. pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

By: /s/ James W. Holbrook, III
James W. Holbrook, III
State Bar No. 24032426
Southern Member ID No. 659759
jholbrook@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

Michael P. O'Brien
Texas Bar No. 24103418
Southern Member ID No. 3338567
mobrien@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:	214-742-3000
Facsimile:	214-760-8994

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on April 5, 2021, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

J. James Cooper
jcooper@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002
Telephone:	713-469-3800
Facsimile:	713-469-3899
***Counsel for Plaintiffs***

　　　　　　　　　　　　　　　　　　 */s/ James W. Holbrook, III*
　　　　　　　　　　　　　　　　　　James W. Holbrook, III